Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Caitlin J. Scott, Esq. (State Bar No. 310619)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff GUILLERMO ROBLES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>PIZZA HUT, INC., a Delaware corporation, and DOES 1-10, inclusive.<br><br><br>        Defendants. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE  RELIEF:**<br><br>1. **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* [PIZZAHUT.COM]<br>2. **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* [PIZZA HUT'S MOBILE APP]<br>3. **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq.* [PIZZAHUT.COM]<br>4. **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq.* [PIZZA HUT'S MOBILE APP] |

1

Plaintiff, Guillermo Robles ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

## INTRODUCTION

1.     Plaintiff is a blind person who requires screen-reading software to read website content using his computer and to interact with mobile applications on his iPhone.  Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.  Some blind people who meet this definition have limited vision.  Others have no vision.

2.     Plaintiff brings this civil rights action against Defendant PIZZA HUT, INC. ("Defendant" or "Pizza Hut") for its failure to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people.  Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA").

3.     Plaintiff further brings this action against Defendant for failing to design, construct, maintain, and operate its mobile application, Pizza Hut, ("Mobile App" or "Mobile Application") available for download in the iTunes store, to be fully accessible to, and independently usable by Plaintiff and other blind or visually-impaired individuals.  Defendant's denial of full and equal access to its Mobile App also denies Plaintiff products and services Defendant offers, which in conjunction with its physical locations is a violation of Plaintiff's rights under the ADA and UCRA.

4.     Because Defendant's website, PizzaHut.com, is not equally accessible to blind and visually-impaired consumers in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices,

and procedures so that Defendant's website will become and remain accessible to blind and visually-impaired consumers.

5.      Defendant's Mobile App, a separate portal of access to Defendant's products and services, is also not equally accessible to blind and visually-impaired consumers in violation of the ADA.  Plaintiff therefore seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's Mobile App also becomes and remains accessible to blind and visually-impaired consumers.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12818, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12818, *et seq*., and 28 U.S.C. § 1332.

7.      This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution.

8.      This Court has personal jurisdiction over Defendant because it conducts and continues to conduct a substantial and significant amount of business in the State of California, County of Los Angeles, and because Defendant's offending website and Mobile App are available across California.

9.      Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

10.      Plaintiff resides in Los Angeles County, California.  Plaintiff is a blind and handicapped person, and a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the

3

ADA set forth at 28 CFR §§ 36.101 *et seq.*  Plaintiff uses a screen reader to access the internet and read internet content on his computer and iPhone.  Despite multiple attempts to navigate PizzaHut.com, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services offered by Pizza Hut as a result of accessibility barriers on the website PizzaHut.com.

11.	Plaintiff has also attempted several times to navigate Defendant's Mobile App on his iPhone.  However, on each occasion Plaintiff has been denied full use and enjoyment of the facilities, goods, and services offered by Defendant as a result of accessibility barriers on its Mobile App.

12.	The access barriers on both Defendant's PizzaHut.com website and its Mobile App have deterred Plaintiff from visiting Pizza Hut brick-and-mortar restaurant locations.

13.	Plaintiff is informed and believes, and thereon alleges, Defendant PIZZA HUT, INC. is a corporation organized in Delaware and has its principal place of business in Plano, Texas.  Defendant is registered to do business in the State of California and has been doing business in the State of California, including the Central District of California.  Defendant operates thousands of pizzerias across the nation.  Many of these pizzerias are in the State of California, and dozens of these pizzerias are located in the Central District of California.  These Pizza Hut pizzerias constitute places of public accommodation.  Defendant's pizzerias provide to the public important goods and services.  Defendant also provides the public the PizzaHut.com website and the Pizza Hut's Mobile App.  Defendant's website and Mobile App provide consumers with access to an array of goods and services including restaurant locators, product descriptions, product sales, special pricing offers, customizable orders, pick-up and delivery services, and many other benefits related to these goods and services.

14.	The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such

1   Defendants by fictitious names. Each of the Defendants designated herein as a DOE
2   is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave
3   of Court to amend this Complaint to reflect the true names and capacities of the
4   DOE Defendants when such identities become known.

5       15.   At all relevant times, each and every Defendant was acting as an agent
6   and/or employee of each of the other Defendants and was acting within the course
7   and/or scope of said agency and/or employment with the full knowledge and
8   consent of each of the Defendants. Each of the acts and/or omissions complained of
9   herein were alleged and made known to, and ratified by, each of the other
10  Defendants (Pizza Hut, Inc. and DOE Defendants will collectively be referred to
11  hereafter as "Defendant" or "Pizza Hut").

12      16.   Defendant's pizzerias are public accommodations within the definition
13  of Title III of the ADA, 42 U.S.C. § 12181(7). PizzaHut.com is a service,
14  privilege, or advantage of Pizza Hut pizzerias. Pizza Hut's Mobile App is a service,
15  privilege, or advantage of Pizza Hut pizzerias.

16      17.   Defendant is subject to personal jurisdiction in this District. Defendant
17  has been and is committing the acts or omissions alleged herein in the Central
18  District of California that caused injury, and violated rights prescribed by the ADA
19  and UCRA, to Plaintiff and to other blind and other visually impaired-consumers.
20  A substantial part of the acts and omissions giving rise to Plaintiff's claims
21  occurred in the Central District of California. Specifically, on several separate
22  occasions, Plaintiff attempted to complete a purchase using Defendant's website
23  PizzaHut.com and with Pizza Hut's Mobile App in Los Angeles County.

24      **THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET**

25      18.   The Internet has become a significant source of information, a portal,
26  and a tool for conducting business, as well as a means for doing everyday activities
27  such as shopping, learning, banking, etc. for sighted, blind and visually-impaired
28  persons alike.

5

19.    In today's tech-savvy world, blind and visually-impaired people have the ability to access websites and mobile applications using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen or displays the content on a refreshable Braille display.  This technology is known as screen-reading software.  Screen-reading software is currently the only method a blind or visually-impaired person may independently access the internet.  Unless websites and mobile apps are designed to be read by screen-reading software, blind and visually-impaired persons are unable to fully access websites or mobile apps, and the information, products, and services contained thereon.

20.    Blind and visually-impaired users of Windows operating system-enabled computers and devices have several screen reading software programs available to them.  Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately.  Job Access With Speech, otherwise known as "JAWS," is the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer.

21.    For blind and visually-impaired users of Apple operating system-enabled computers and devices, the screen access software available and built into all Apple products is VoiceOver.  Apple's devices, including the iPhone, have the VoiceOver program integrated into their iOS operating system for use by blind and visually-impaired users.

22.    For screen-reading software to function, the information on a website or on a mobile application must be capable of being rendered into text.  If the website or mobile app content is not capable of being rendered into text, the blind or visually-impaired user is unable to access the same content available to sighted users.

23.    The international website standards organization known throughout the

world as W3C, published version 2.0 AA of the Web Content Accessibility Guidelines ("WCAG 2.0 AA" hereinafter).  WCAG 2.0 AA are well-established guidelines for making websites accessible to blind and visually-impaired people. These guidelines are universally followed by most large business entities to ensure their websites and mobile apps are accessible.

24.    Apple also provides iOS accessibility guidelines for its mobile devices like the iPhone, which assist iOS developers to make mobile applications accessible to blind and visually-impaired individuals.  Apple's guidelines are available online at:

https://developer.apple.com/library/ios/documentation/UserExperience/Conceptual/ iPhoneAccessibility/Introduction/Introduction.html.

25.    Non-compliant websites and apps pose common access barriers to blind and visually-impaired persons. Common barriers encountered by blind and visually impaired persons include, but are not limited to, the following:

  a. A text equivalent for every non-text element is not provided;

  b. Title frames with text are not provided for identification and navigation;

  c. Equivalent text is not provided when using scripts;

  d. Forms with the same information and functionality as for sighted persons are not provided;

  e. Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

  f. Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

  g. If the content enforces a time limit, the user is not able to extend, adjust or disable it;

  h. Web pages do not have titles that describe the topic or purpose;

  i. The purpose of each link cannot be determined from the link text

1   alone or from the link text and its programmatically determined link
2   context;

3   j.   One or more keyboard operable user interface lacks a mode of
4        operation where the keyboard focus indicator is discernible;

5   k.   The default human language of each web page cannot be
6        programmatically determined;

7   l.   When a component receives focus, it may initiate a change in
8        context;

9   m.   Changing the setting of a user interface component may
10       automatically cause a change of context where the user has not been
11       advised before using the component;

12  n.   Labels or instructions are not provided when content requires user
13       input;

14  o.   In content which is implemented by using markup languages,
15       elements do not have complete start and end tags, elements are not
16       nested according to their specifications, elements may contain
17       duplicate attributes and/or any IDs are not unique; and,

18  p.   The name and role of all User Interface elements cannot be
19       programmatically determined; items that can be set by the user
20       cannot be programmatically set; and/or notification of changes to
21       these items is not available to user agents, including assistive
22       technology.

23                        **FACTUAL BACKGROUND**

24       26.   Defendant offers the commercial website, PizzaHut.com, to the public.
25  The website offers a feature which should allow all consumers to customize their
26  pizzas, order other food and finalize their orders for home delivery or pick-up at
27  Defendant's pizzerias.  PizzaHut.com offers access to a variety of goods and
28  services which are offered and available to the public, including special pricing

8

1    options, store locator tools, and other services.

2        27.    Defendant also operates an online ordering portal through its iPhone

3    Mobile App which, like PizzaHut.com, offers a feature that should allow all

4    consumers to create accounts, login to their accounts, customize pizzas, order food,

5    and finalize orders for home delivery or pick-up at Defendant's pizzerias.  Similar

6    to PizzaHut.com, Defendant's Mobile App offers access goods and services offered

7    and available to the public for download in the iTunes store, which is an online

8    store where iPhone users can download Defendant's mobile app.

9        28.    Based on information and belief, it is Defendant's policy and practice

10   to deny Plaintiff, along with other blind or visually-impaired users, access to

11   Defendant's PizzaHut.com website and Mobile App, and to therefore specifically

12   deny the goods and services that are offered and integrated with Defendant's

13   restaurants.  Due to Defendant's failure and refusal to remove access barriers to

14   PizzaHut.com and the Pizza Hut's Mobile App, Plaintiff and visually-impaired

15   persons have been and are still being denied equal access to Pizza Hut pizzerias and

16   the numerous goods, services, and benefits offered to the public through

17   PizzaHut.com and the Pizza Hut's Mobile App.

18          **Defendant's Barriers on PizzaHut.com Deny Plaintiff Access**

19       29.    Plaintiff, as a blind person, cannot use a computer without the

20   assistance of screen-reading software.  However, Plaintiff is a proficient user of the

21   JAWS screen-reader to access the internet.  Plaintiff has visited PizzaHut.com

22   several times using the JAWS screen-reader to try to place a customized order.  But

23   due to the widespread accessibility barriers on PizzaHut.com, Plaintiff has been

24   denied the full enjoyment of the facilities, goods, and services of PizzaHut.com, as

25   well as to the facilities, goods, and services of Pizza Hut locations in California.

26       30.    While attempting to navigate PizzaHut.com , Plaintiff encountered

27   multiple accessibility barriers for blind or visually-impaired people that include, but

28   are not limited to, the following:

a. *Lack of Alternative Text* ("alt-text"), or a text equivalent.  Alt-text is invisible code embedded beneath a graphical image on a website.  Web accessibility requires that alt-text be coded with each picture so that screen-reading software can speak the alt-text where a sighted user sees pictures.  Alt-text does not change the visual presentation, but instead a text box shows when the mouse moves over the picture.  The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics.  As a result, visually-impaired Pizza Hut customers are unable to determine what is on the website, browse, look for store locations, check out Defendant's programs and specials, or make any purchases (including but not limited to, customizing orders using the aspects and features of the website and mobile app which allows customers to place, add, alter, or confirm an order);

b. *Empty Links That Contain No Text* causing the function or purpose of the link to not be presented to the user.  This can introduce confusion for keyboard and screen-reader users;

c. *Redundant Links* where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen-reader users; and

d. *Linked Images Missing Alt-text*, which causes problems if an image within a link contains no text and that image does not provide alt-text.  A screen reader then has no content to present the user as to the function of the link.

31.    Most recently, in 2016, Plaintiff again attempted to do business with Pizza Hut on PizzaHut.com.  Plaintiff again encountered barriers to access on PizzaHut.com when he attempted to complete a transaction on PizzaHut.com.  He was unable to complete a transaction due to the inaccessibility of Pizza Hut's

10

website.

## Defendant's Barriers on Its Mobile App Deny Plaintiff Access

32.     Plaintiff has also experienced accessibility problems when he attempted to use Pizza Hut's Mobile App on his iPhone with VoiceOver, Apple's talking software program that allows Plaintiff to access the menus and applications on his iPhone.

33.     Earlier in 2016, Plaintiff attempted to access, do business with, and complete a transaction, and place an order from Pizza Hut using the Pizza Hut iOS Mobile App.  Plaintiff was unable to complete a transaction or place an order due to accessibility barriers of unlabeled buttons that do not conform to Apple's iOS accessibility guidelines.  While trying to navigate Defendant's Mobile App, Plaintiff encountered similar access barriers as Defendant's website, similar to the lack of alt-text on graphics, inaccessible forms, inaccessible image maps, and the lack of adequate prompting and labeling.

34.     Plaintiff alleges on information and belief that Defendant updated its Mobile Application in 2016.  Thereafter, Plaintiff again attempted to place an order using the most updated version of Defendant's Mobile App to order a pizza with customized toppings.  Again due to barriers to access, Plaintiff was unable to place any order or complete a transaction using Defendant's Mobile App.

35.     Defendant denies visually-impaired people access to its goods, services, and information because it prevents free navigation with screen-reading software to PizzaHut.com and the Mobile App.  These barriers to blind and visually-impaired people can and must be removed, by simple compliance with WCAG 2.0 AA.

## Defendant Must Remove Barriers To Its Website And Mobile App

36.     Due to the inaccessibility of PizzaHut.com and its Mobile App, blind and visually-impaired customers such as Plaintiff, who need screen-readers, cannot customize the toppings on their pizzas, browse, shop, or complete a purchase

online.  As a result, Plaintiff is deterred altogether from placing any sort of order for delivery or visiting the physical location to pick up his order.  If PizzaHut.com and the Pizza Hut's Mobile App were equally accessible to all, Plaintiff could independently choose the toppings on his customized pizza, investigate other products available for purchase, and complete his transaction as sighted individuals do.

37.     Through his many attempts to use Defendant's website and Mobile App, Plaintiff has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

38.     Because simple compliance with the WCAG 2.0 AA Guidelines would provide Plaintiff and other visually-impaired consumers with equal access to PizzaHut.com and the Pizza Hut's Mobile App, Plaintiff alleges that Pizza Hut has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

a.     Construction and maintenance of a website and mobile applications that are inaccessible to visually-impaired individuals, including Plaintiff;

b.     Failure to construct and maintain a website and mobile applications that are sufficiently intuitive so as to be equally accessible to visually-impaired individuals, including Plaintiff; and,

c.     Failure to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, as a member of a protected class.

39.     Pizza Hut therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

40.     The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action.  In relevant part, the ADA requires:

"In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . ."

(42 U.S.C. § 12188(a)(2).)

41.    Because Defendant's website has never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause its website and Mobile App to become and remain accessible, Plaintiff invokes the provisions of 42 U.S.C. § 12188(a)(2), and seeks a permanent injunction requiring Defendant to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant comply with WCAG 2.0 AA guidelines for its website and Mobile App.  Plaintiff seeks that this permanent injunction requires Defendant to cooperate with the Agreed Upon Consultant to:

        a.  Train Defendant's employees and agents who develop the PizzaHut.com website and Mobile App on accessibility compliance under the WCAG 2.0 AA guidelines;

        b.  Regularly check the accessibility of Defendant's website and Mobile App under the WCAG 2.0 AA guidelines;

        c.  Regularly test user accessibility by blind or vision-impaired persons to ensure that Defendant's website and Mobile App complies under the WCAG 2.0 AA guidelines; and,

        d.   Develop an accessibility policy that is clearly disclosed on its websites and Mobile Apps, with contact information for users to report accessibility-related problems.

42.    If PizzaHut.com and the Mobile App were accessible, Plaintiff and similarly situated blind and visually-impaired people could independently view menu items, customize menu items for purchase, shop for and otherwise research related products available via Defendant's website and Mobile App.

43.     Although Defendant may currently have centralized policies regarding the maintenance and operation of its website and Mobile App, Defendant lacks a plan and policy reasonably calculated to make its websites fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers.

44.     Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the Defendant's websites in violation of their rights.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*.

## [PIZZAHUT.COM]

45.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

46.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

(42 U.S.C. § 12182(a).)

47.     Pizza Hut pizzerias are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).  PizzaHut.com is a service, privilege, or advantage of Pizza Hut pizzerias.  PizzaHut.com is a service that is integrated with these locations.

48.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful

14

discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.  (42 U.S.C. § 12182(b)(1)(A)(i).)

49.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. (42 U.S.C. § 12182(b)(1)(A)(ii).)

50.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

"[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

(42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).)

51.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder.  Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A).  Furthermore, Plaintiff has been denied full and equal access to PizzaHut.com, has not been provided services which are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons.  Defendant has failed to take any prompt

15

and equitable steps to remedy its discriminatory conduct.  These violations are ongoing.

52.  Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.*

[PIZZA HUT'S MOBILE APP]

53.  Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

54.  Pizza Hut's Mobile App is a service, privilege, or advantage of Pizza Hut pizzerias.  Pizza Hut's Mobile App is a service that is integrated with these locations.

55.  The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder.  Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A).  Plaintiff has been denied full and equal access to Pizza Hut's Mobile App, has not been provided services which are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons.  Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct.  These violations are ongoing.

56.  Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

//

//

16

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq*.**

[PIZZAHUT.COM]

57.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

58.     California Civil Code § 51 *et seq*. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendant is systematically violating the UCRA, Civil Code § 51 *et seq*.

59.     Defendant's pizzerias are "business establishments" within the meaning of the Civil Code § 51 *et seq*.  Defendant generates millions of dollars in revenue from the sale of goods through its PizzaHut.com website.  Defendant's website is a service provided by Defendant that is inaccessible to patrons who are blind or visually-impaired like Plaintiff.  This inaccessibility denies blind and visually-impaired patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public.  Defendant is violating the UCRA, Civil Code § 51 et seq., by denying visually-impaired customers the goods and services provided on its website.  These violations are ongoing.

60.     Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq*., because Defendant has constructed a website that is inaccessible to Plaintiff, Defendant maintains the website in an inaccessible form, and Defendant has failed to take actions to correct these barriers.

61.     Defendant is also violating the UCRA, Civil Code § 51 *et seq*. because the conduct alleged herein violates various provisions of the ADA, 42 U.S.C. § 12101 *et seq.*, as set forth above.  Section 51(f) of the Civil Code provides that a

violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

62. The actions of Defendants violate UCRA, Civil Code § 51 *et seq.*, and Plaintiff is therefore entitled to injunctive relief remedying the discrimination.

63. Plaintiff is entitled to statutory minimum damages pursuant to Civil Code § 52 for each and every offense.

64. Plaintiff is also entitled to reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

### [PIZZA HUT'S MOBILE APP]

65. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

66. Defendant generates millions of dollars in revenue from the sale of goods through its Mobile App. Defendant's Mobile App is a service provided by Defendant that is inaccessible to patrons who are blind or visually-impaired like Plaintiff. This inaccessibility denies blind and visually-impaired patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Defendant is violating the UCRA, Civil Code § 51 et seq., by denying visually-impaired customers the goods and services provided on its Mobile App. These violations are ongoing.

67. Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because Defendant has constructed a Mobile App that is inaccessible to Plaintiff, Defendant maintains the Mobile App an inaccessible form, and Defendant has failed to take actions to correct these barriers.

68. Defendant is also violating the UCRA, Civil Code § 51 *et seq.* because

18

the conduct alleged herein violates various provisions of the ADA, 42 U.S.C. § 12101 *et seq.*, as set forth above.  Section 51(f) of the Civil Code provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

69.     The actions of Defendants violate UCRA, Civil Code § 51 *et seq.*, and Plaintiff is therefore entitled to injunctive relief remedying the discrimination.

70.     Plaintiff is entitled to statutory minimum damages pursuant to Civil Code § 52 for each and every offense.

71.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

## **PRAYER**

**WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:**

1.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA 42 U.S.C. § 12181 *et seq.*, and the relevant implementing regulations of the ADA, for Defendant's failure to take action that was reasonably calculated to ensure that its websites and mobile applications are fully accessible to, and independently usable by, blind and visually-impaired individuals;

2.     A preliminary and permanent injunction enjoining Defendant from violating the ADA, 42 U.S.C. § 12181 *et seq.*, and/or the UCRA, Civil Code § 51 *et seq.* with respect to its website PizzaHut.com;

3.     A preliminary and permanent injunction enjoining Defendant from violating the ADA, 42 U.S.C. § 12181 *et seq.*, and/or the UCRA, Civil Code § 51 *et seq.* with respect to its Mobile Application;

4.     A preliminary and permanent injunction requiring Defendant to take the steps necessary to make PizzaHut.com readily accessible to and usable by blind and visually-impaired individuals;

5.     A preliminary and permanent injunction requiring Defendant to take the steps necessary to make Pizza Hut's Mobile Application readily accessible to

and usable by blind and visually-impaired individuals;

6.    An award of statutory minimum damages of $4,000 per violation pursuant to § 52(a) of the California Civil Code;

7.    For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1), and California Civil Code § 52(a);

8.    For pre-judgment interest to the extent permitted by law;

9.    For costs of suit; and

10.   For such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: November 1, 2016                **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Caitlin J. Scott, Esq.
Tristan P. Jankowski, Esq.
Attorneys for Plaintiff