Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
MANNING LAW, APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff GUILLERMO ROBLES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>Plaintiff,<br><br>vs.<br><br>YUM! BRANDS, INC. d/b/a PIZZA HUT, and DOES 1-10 inclusive<br><br>Defendant. | Case No. 2:16-cv-08211-ODW-SS<br><br>Hon. Otis D. Wright II<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE THE DECLARATION OF COREY WILLIAMS SUBMITTED IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, DISMISSAL OR STAY**<br><br>[*Filed concurrently with Plaintiff's Opposition to Defendant's Motion for Summary Judgment; Plaintiff's Statement of Genuine Issues of Material Fact; Plaintiff's Request for Judicial Notice; Declaration of Joseph R. Manning, Jr.; Declaration of Guillermo Robles; Declaration of Michael J. Manning; Proposed Order*]<br><br>Date:     July 10, 2017<br>Time:    1:30 p.m.<br>Ctrm.:   5C<br><br>Action Filed: November 3, 2016 |

1

**TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiff hereby submits the following objections to the Declaration of Corey Williams, submitted in Support of Defendant's Motion for Summary Judgment or, in the Alternative, Dismissal or Stay. The Williams Declaration is objectionable for several reasons, and should be disregarded in its entirety.

## I.    THE ENTIRE WILLIAMS DECLARATION IS IRRELEVANT

Mr. Williams testifies to three main points: First, Mr. Williams offers that Defendant's website and mobile website contain a statement that directs screen reader users to contact a customer service number if they encounter accessibility issues while trying to use the website or the mobile website.  See Williams Decl., ¶¶ 1,3,4,6, Exhibits 1-2.  Mr. Williams claims that individuals who call that number can receive "assistance" from a live, customer service representative.  See Williams Decl., ¶¶ 2,5. Lastly, Mr. Williams points out that blind or visually impaired individuals can call a Pizza Hut restaurant to place an order.

As a threshold matter, Mr. Williams statements concerning Defendant's "mobile website" (see Williams Decl., ¶¶ 4-6) are completely irrelevant to this action and, thus inadmissible, and should be disregarded. The First Amended Complaint ("FAC") asserts Defendant's website and mobile application (which is distinct and different from a "mobile website") are not accessible to blind of visually impaired users using screen reader software.  The FAC makes no allegations – or even mention – of Defendant's mobile website.

That said, it is of no consequence to this action that Defendant's website (which is the subject of this lawsuit) now[1] contains fine print referring blind and visually impaired users to contact customer service when they discover the website

_____

[1] The customer service phone number did not exist on Defendant's website prior to Plaintiff filing the instant action.  Defendant only added the phone number to its website shortly before filing its Motion.  See Declaration of Joseph R. Manning, Jr., ¶¶ 10-11, Exs. A and B (screen shots of Defendant's website as of May 14, 2017 and May 17, 2017).

is inaccessible to them. The mere presence of the phone number on Defendant's website is not adequate to overcome its failure to make its website fully and independently useable by Plaintiff and other blind or visually impaired people. Mr. Williams' declaration is also void of any facts to indicate the nature and extent of the "assistance" supposedly available to callers. For example, do the customer service representatives assist callers by somehow helping them navigate around the accessibility barriers; simply make note of the callers concerns and questions; connect the caller with a restaurant location to place an order? Either way, the customer service number is wholly inadequate to provide an "equal degree of access in terms of hours of operation and range of information, options, and services available" to the website and mobile application. 2010 WL 2888003, at*43466 (July 26, 2010) (emphasis added). For example, Defendant's website offers online, clickable deals (https://www.pizzahut.com/#/menu/deals). Defendant's website also touts the ease and convenience of online ordering. Members of Defendant's online account have the option to save payment details and keep a history of prior orders in order to quickly and conveniently place future orders.

Likewise, Mr. Williams does not dispute that the website is inaccessible to screen reader users. He instead points out that customers have the option to directly call a Pizza Hut location to place an order. (Williams Decl., ¶ 6.) Again, this is not relevant. The issue here is not whether Plaintiff, and other blind or visually impaired users, have *some* means available to them to order food from Defendant. The issue is that sighted customers, in addition to ordering by phone, have the benefit of ordering online via Defendant's website and mobile application; and Defendant does not make these benefits equally available to its blind and visually impaired customers.

## SPECIFIC EVIDENTIARY OBJECTIONS
## TO THE DECLARATION OF COREY WILLIAMS

| | Proffered Evidence | Objection |
|---|---|---|
| 1. | Williams Decl., at ¶ 2 ("Pizza Hut's Website contains an accessibility banner that directs users who access the Website with a screen reader with the statement: "If you are using a screen reader and are having problems using this website, please call 800-948-8488 for assistance.") | Lacks Personal Knowledge (FRE 602) Mr. Williams provides no testimony that he has personal knowledge of the Website's content or its maintenance.  Mr. Williams states only that he provides "oversight and management of the teams that provide customer service," which includes to "customers who visit the website…"<br><br>Irrelevant (FRE 402)  Whether the Website may, as of the date of Mr. Williams' declaration, include a statement directing blind or visually impaired users to call customer service is not of consequence to the determination of any fact in this action.  This action goes to the accessibility of Defendant's website and mobile application; not the accessibility of Defendant's phone lines. |
| 2. | Williams Decl., at ¶ 2 ("Through this number, Pizza Hut provides customer support with a live, customer service representative.  If a blind or visually impaired individual calls that number, Pizza Hut's representatives can provide assistance with the | Lacks Personal Knowledge (FRE 602) Mr. Williams provides no testimony that he has personal knowledge of the nature or the extent of "assistance" supposedly available to customers who call the number.  Mr. Williams states only that he provides "oversight and management of the teams that provide customer service through [Pizza Hut's] national customer |

| | Proffered Evidence | Objection |
|---|---|---|
| | Website.") | service center," which includes to "customers who visit the website…"<br><br>Irrelevant (FRE 402) It is irrelevant that blind or visually impaired individuals may be able to obtain some degree of "assistance" from the customer service hotline.  This action goes to the accessibility of Defendant's website and mobile application; not the accessibility of Defendant's phone lines.<br><br>Lacks Authentication/Foundation (FRE 901) insofar as Mr. Williams contends the customer service number provides an equal degree of access to the Website. Mr. Williams' declaration is void of any facts about the nature or the extent of "assistance" supposedly available to customers who call the number. |
| 3. | Williams Decl., at ¶ 3 and Exhibit 1 ("Attached as Exhibit 1 to this Declaration is a true and correct screenshot from Pizza Hut's Website as it currently exists.") | Lack Authentication/Foundation (FRE 901) Mr. Williams provides no testimony that he has personal knowledge of the document such that he is able to authenticate it as required by the Federal Rules of Evidence. *See, e.g.*, *Estremera v. United States* 442 F3d 580, 584–585 (7th Cir. 2006) (declaration of attorney insufficient to authenticate documents where knowledge was based only upon interviews |

| | Proffered Evidence | Objection |
|---|---|---|
| | | with witnesses and review of documents.)<br><br>Irrelevant (FRE 402) Whether the Website may, as of the date of Mr. Williams' declaration, include a statement directing blind or visually impaired users to call customer service is not of consequence to the determination of any fact in this action.  This action goes to the accessibility of Defendant's website and mobile application; not the accessibility of Defendant's phone lines. |
| 4. | Williams Decl., at ¶ 4 ("Pizza Hut's Mobile Website also contains an identical accessibility banner that directs users who access the Mobile Website with a screen reader with the statement: "If you are using a screen reader and are having problems using this website, please call 800-948-8488 for assistance.") | Irrelevant (FRE 402)  The First Amended Complaint (FAC) does not contain any allegations related to Defendant's "Mobile Website." The FAC asserts Defendant's website and mobile application (which is distinct and different from a "mobile website") are not accessible to blind of visually impaired users using screen reader software. |
| 5. | Williams Decl., at ¶ 4 ("If a blind or visually impaired individual calls that number, Pizza Hut's representative can provide assistance with the Mobile | Irrelevant (FRE 402)  The First Amended Complaint (FAC) does not contain any allegations related to Defendant's "Mobile Website." The FAC asserts Defendant's website and mobile |

| | Proffered Evidence | Objection |
|---|---|---|
| | Website.") | application (which is distinct and different from a "mobile website") are not accessible to blind of visually impaired users using screen reader software. |
| 6. | Williams Decl., at ¶ 5 and Exhibit 2 ("Attached as Exhibit 2 to this Declaration is a true and correct screenshot from Mobile Website as it currently exists.") | Irrelevant (FRE 402)  The First Amended Complaint (FAC) does not contain any allegations related to Defendant's "Mobile Website." The FAC asserts Defendant's website and mobile application (which is distinct and different from a "mobile website") are not accessible to blind of visually impaired users using screen reader software. |
| 7. | Williams Decl., at ¶ 6 ("Customers may also directly call a Pizza Hut restaurant to order food, purchase goods, and/or ask questions.") | Irrelevant (FRE 402) Whether Plaintiff has the option and ability to call a Pizza Hut restaurant to place an order is not of consequence to the determination of any fact in this action.  This action goes to the accessibility of Defendant's website and mobile application; not the accessibility of Defendant's phone lines. |

## CONCLUSION

For the reasons stated herein, Plaintiffs requests that Mr. Williams declaration be disregarded and stricken.

Respectfully Submitted.

DATED: June 19, 2017                    MANNING LAW, APC

By:    /S/Joseph R. Manning, Jr.
           Joseph R. Manning, Jr., Esq.
           Attorneys for Plaintiff
           GUILLERMO ROBLES