# United States District Court
# Central District of California

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>YUM! BRANDS, INC. d/b/a PIZZA HUT, and DOES 1-10 inclusive,<br><br>　　　　　Defendants. | Case № 2:16-cv-08211-ODW(SS)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [28]** |

## I.　INTRODUCTION

Plaintiff Guillermo Robles brings this action against Defendant Yum! Brands, Inc. d/b/a Pizza Hut ("Pizza Hut") alleging that Pizza Hut violated the Americans with Disabilities Act of 1990 ("ADA") and the Unruh Civil Rights Act ("UCRA"). (*See generally* First Am. Compl. ("FAC"), ECF No. 13.)  Before the Court now is Pizza Hut's Motion for Summary Judgment. (Mot., ECF No. 28.)  For the reasons discussed below, the Court **DENIES** Pizza Hut's Motion.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff Guillermo Robles is a blind person who uses screen-reading software to access websites and interact with mobile applications. (Decl. of Guillermo Robles ("Robles Decl.") ¶¶ 2–4; ECF No. 34.) Plaintiff alleges that Pizza Hut failed to make its website and mobile application fully accessible and independently usable by Plaintiff and other blind or visually-impaired people. (FAC ¶¶ 2–3.) Plaintiff typically uses Job Access With Speech ("JAWS") and Apple's VoiceOver as screen-reading software programs to access online content. (*See* Plaintiff's Statement of Genuine Issues of Material Facts ("PSGI") ¶ 6, ECF No. 36; Robles Decl. ¶ 3.)

Plaintiff alleges that in 2016, he attempted to access PizzaHut.com to investigate its offerings for pizza delivery and pick-up. (Robles Decl. ¶ 6.) Plaintiff found that PizzaHut.com was "cluttered and difficult for [him] to understand using his screen-reader." (Robles Decl. ¶ 7.) As a result, Plaintiff claims that he was prevented from finding the closest Pizza Hut store location, identifying coupons or offers available on the website, initiating an online order, selecting or customizing a pizza, and from independently, securely and privately completing his order. (*Id*. at 6.) Plaintiff alleges that the slide show on the website was inaccessible, that he was unable to register on the website to place an order because various edit fields were not labeled, and that he could not locate a specific Pizza Hut store using his screen-reader because the results were jumbled and difficult to understand. (*Id.* ¶¶ 8–10.) Plaintiff further claims that he encountered the same accessibility barriers on the Pizza Hut mobile application. (*Id.* ¶ 16.)

Plaintiff claims that he returned to PizzaHut.com on June 12, 2017 and discovered text on the homepage that provided a customer service number to call for individuals who were using a screen reader and having problems using the website. (*Id.* ¶ 18.) Plaintiff states that he called the number and waited on hold for forty-five minutes before he ended the call. (*Id.*) Plaintiff asserts that he has been deterred from returning to both PizzaHut.com and the Pizza Hut mobile application because of the access

barriers he encountered. (*Id.* ¶ 20.)

Pizza Hut claims that its website contains an "accessibility banner" that states: "If you are using a screen reader and are having problems using this website, please call 800-948-8488 for assistance." (Defendant's Statement of Uncontroverted Facts in Support of Summary Judgment ("DSUF") ¶ 1 (ECF No. 28-11); Decl. of Corey Williams ("Williams Decl.") ¶¶ 2–3; ECF No. 28-2.) Through this number, Pizza Hut asserts that it provides "customer support with a live, customer service representative" that can assist a blind or visually impaired individual with the website. (DSUF ¶ 1; Williams Decl. ¶ 2.) Pizza Hut further states that "customers may also directly call their local Pizza Hut restaurant to order food, purchase goods, and/or ask questions." (DSUF ¶ 4; Williams Decl. ¶ 6.) Plaintiff acknowledges that the accessibility banner appeared on PizzaHut.com after May 17, 2017, but disputes its existence on or prior to May 14, 2017. (PSGI ¶ 1.)

Due to the accessibility barriers on PizzaHut.com and Pizza Hut's mobile application, Plaintiff alleges that he has been denied the "full enjoyment" of Pizza Hut's facilities, goods, and services. (FAC ¶¶ 27, 31.) Plaintiff also alleges that Pizza Hut's website and mobile application do not comply with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0"). (*Id.* ¶¶ 21, 36.) However, in his Opposition to the instant Motion, Plaintiff contends that he is not seeking to enforce any particular standard, but rather he alleges that his difficulty accessing Pizza Hut's website and mobile application violate the general accessibility mandate of the ADA. (Opp'n 6, ECF No. 31.)

As a result of Plaintiff's inability to access Pizza Hut's website and mobile application, Plaintiff has brought four causes of action: (1) Violation of the ADA, 42 U.S.C. § 12181 *et seq.* (PizzaHut.com); (2) Violation of the ADA, 42 U.S.C. § 12181 (mobile application); (3) Violation of the UCRA, California Civil Code § 51 *et seq.* (PizzaHut.com); and (4) Violation of the UCRA, California Civil Code § 51 *et seq.* (mobile application). (*See generally* FAC.)

On March 26, 2017, Pizza Hut moved for summary judgment, or in the alternative, dismissal or stay of the case. (ECF No. 28.) Plaintiff opposed Pizza Hut's Motion on June 19, 2017, and Pizza Hut replied on June 26, 2017. (ECF Nos. 31, 38.)

### III. REQESTS FOR JUDICIAL NOTICE

In support of his Opposition, Plaintiff requests that the Court take judicial notice of the following documents:

- several court orders and records from *Juan Carlos Gil v. Winn-Dixie Stores, Inc.*, No. 16–23020–Civ–Scola (S.D. Fla. June 13, 2017); (Req. for Judicial Not. ("RJN") Exs. 2–7, 10, ECF No. 35)
- a court order in *Gorecki v. Hobby Lobby Stores, Inc.*, No. 17–1131–JFW–SK (C.D. Cal. 2017); (RJN Ex. 1)
- the United States' Statements of Interest in *David New v. Lucky Brand Dungarees Stores, Inc.*, Case No. 1:14-cv-20574-UU (S.D. Fla. Apr. 10, 2014) and *Nat'l Assn. of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196 (D. Mass. 2012); (RJN Exs. 8, 9)
- a Consent Decree in *Nat'l Fed. Of the Blind, et al. United States of America v. HRB Digital LLC and HRB Tax Group, Inc.*, No. 1:13–CV–10799–GAO (entered March 25, 2014). (RJN Ex. 11.)

Pizza Hut opposes Plaintiff's requests for judicial notice on the basis that the parties and courts in these cases were faced with different facts and issues than those presented in this case. (ECF No. 39.) Courts, however, regularly take judicial notice of proceedings in other courts. *See, e.g. Montantes v. Inventure Foods*, No. CV–14–1128–MWF (RZx), 2014 WL 3305578, at *2 (C.D. Cal. July 2, 2014) ("Courts … take judicial notice of proceedings in other courts … if those proceedings have a direct relation to matters at issue.") Therefore, the Court takes judicial notice of the above-referenced documents but not the facts contained therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (stating that judicial notice of public records is limited to the existence of the documents, not the truth of their contents).

Both Plaintiff and Pizza Hut submitted multiple notices of supplemental authority and requests for judicial notice after briefing on Pizza Hut's Motion had closed and the Court took the matter under submission. (ECF Nos. 44–46, 48–56.) The Court considered the relevant cases and authority, as discussed further below.

### IV. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing law, the resolution of that fact might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 249.

A party seeking summary judgment bears the initial burden to establish the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. To satisfy this burden, the moving party may simply point to portions of pleadings, admissions, answers to interrogatories and depositions which, along with affidavits, show the absence of a genuine issue of material fact. *See id.* If the moving party satisfies its burden, the nonmoving party must produce specific evidence to show that a genuine dispute exists. Fed. R. Civ. P. 56(e).

"In ruling on a motion for summary judgment, the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (citations omitted).

# V. DISCUSSION

Pizza Hut moves for summary judgment on the grounds that (1) Plaintiff's lawsuit violates Pizza Hut's right to due process and should be dismissed pursuant to the Primary Jurisdiction Doctrine; (2) Pizza Hut's website complies with the effective communications mandate of the ADA; (3) Plaintiff's claim under the UCRA fails because he cannot prove intentional discrimination; and (4) Plaintiff has failed to provide "fair notice" of the alleged barriers on Pizza Hut's website or mobile application. (Mot. 1.) In the alternative, Pizza Hut requests that the Court grant a stay of this case pending a ruling from the Ninth Circuit in another one of Plaintiff's lawsuits against Domino's Pizza, LLC. *See Robles v. Domino's Pizza, LLC.*, Case No. CV-16-06599 SJO(SPx), 2017 WL 1330216 (C.D. Cal. Mar. 20, 2017)**.**

## A. ADA's Requirements for Internet Accessibility

Before turning to each of Pizza Hut's arguments in favor of summary judgment, the Court will first address the applicability of the ADA's requirements for websites.

Plaintiff claims that Pizza Hut failed to provide disabled individuals full and equal enjoyment of goods and services offered within its physical stores by not maintaining a fully accessible website and mobile application. (Opp'n 1.) The parties do not dispute that Plaintiff is disabled within the meaning of the ADA, nor do they contest whether Pizza Hut's physical restaurants are places of public accommodation. (PSGI ¶ 5; *see* generally DSUF.) Thus, the focus of the parties' dispute is whether Plaintiff was denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation under the ADA.

Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of

public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Section 12181 of the ADA defines a "place of public accommodation" as an entity whose operations affect commerce and falls within one of twelve enumerated categories. 42 U.S.C. § 12181(7) (listing twelve categories of physical, brick-and-mortar establishments open to the public at a specific location). The Ninth Circuit has held that to successfully assert a Title III claim, "some connection between the good or service complained of and an actual physical place is required." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). However, "[t]he requirement that a place of public accommodation … refer to a physical place does not preclude a plaintiff from challenging a business' online offerings" under the ADA. *Reed v. CVS Pharmacy, Inc.*, No. CV 17-3877-MWF (SKx), 2017 WL 4457508, at *3 (C.D. Cal. Oct. 3, 2017). As long as there is a "nexus"—some connection between the good or service complained of and an actual physical place, a plaintiff may challenge the digital offerings of an otherwise physical business. *Id.* at *3 (citing *Weyer*, 198 F.3d at 1114).

Under the ADA, a disabled individual is discriminated against when that person is denied the opportunity to participate in programs or services of a place of public accommodation, or is provided separate, but unequal, goods or services. *See* 42 U.S.C. § 12182(b)(1)(A)(i-iii). To ensure that places of accommodation provide the disabled with the full and equal enjoyment of the goods and services they offer, the ADA requires "reasonable modification" of "policies, practices, and procedures," and for places of public accommodation to make "auxiliary aids and services" available "to prevent exclusion, denial of services, segregation or different treatment." *See* 42 U.S.C. § 12182(b)(1)(A)(ii-iii). Further, the DOJ, the agency that enforces the ADA, has promulgated regulations that require public accommodations to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication" with disabled individuals. 28 C.F.R. § 36.303(c)(1). Auxiliary aids and services include "screen reader software, magnification software, optical readers … or other effective

methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b)(2). Although "the regulations emphasize that … no specific auxiliary aid or service is required in any given situation, whatever auxiliary aid or service the public accommodation chooses to provide must be effective." *CVS Pharmacy, Inc.*, 2017 WL 4457508, at *4.

The DOJ has "repeatedly affirmed that Title III [of the ADA] applies to websites that meet the definition of a public accommodation." *See Gorecki v. Hobby Lobby Stores, Inc.*, CV 17-1131-JFW (SKx), 2017 WL 2957736, at *4 (C.D. Cal. June 15, 2017). In 2010, the DOJ published an Advanced Notice of Proposed Rulemaking ("ANPR"), where the DOJ acknowledged that the Internet did not exist when Congress enacted the ADA, and that neither the text of the ADA nor the promulgating regulations specifically address private websites. *Nondiscrimination on the Basis of Disability; Accessibility of Web Information and Services of State and Local Government Entities and Public Accommodations*, 75 FR 43460-01 (July 26, 2010). "Nevertheless, in its view, the statute's broad and expansive nondiscrimination mandate reaches goods and services provided by covered entities on websites over the internet. *Hobby Lobby Stores, Inc.*, 2017 WL 2957736, at *5 (citation omitted).

Here, it is undisputed that Pizza Hut's website and mobile application include a restaurant locator. (*See* Answer ¶¶ 26, 27, ECF No. 18.) Plaintiff alleges that he was "deterred altogether from placing any sort of order for delivery or visiting the physical location to pick up his order" due to the barriers he encountered while attempting to access Pizza Hut's website. (FAC ¶ 34.) Acknowledging the fact that Pizza Hut's restaurants are physical, brick-and-mortar places, and that Pizza Hut's website and mobile application are services provided by Pizza Hut, the Court finds that Pizza Hut's website and mobile app are both subject to accessibility regulations under the ADA.

**B.    Due Process**

Pizza Hut argues that this lawsuit violates its right to due process because there are no clear objective standards enabling Pizza Hut to ensure that its website is not

violating the ADA. (Mot. 7.) "Due Process requires that the government provide citizens and other actors with sufficient notice as to what behavior complies with the law. Liberty depends on no less." *United States v. AMC Entertainment, Inc.*, 549 F.3d 760, 768 (9th Cir. 2008). "[B]ecause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "Those regulated by an administrative agency are entitled to know the rules by which the game will be played." *AMC Entertainment, Inc.*, 549 F.3d at 768 (quoting *Alaska Prof. Hunters Ass'n, Inc. v. FAA*, 177 F.3d 1030, 1035 (D.C. Cir. 1999)). For the reasons discussed below, the Court does not find Pizza Hut's due process arguments persuasive.

### 1. *The ADA Applies to Websites*

The Court finds that there is sufficient guidance with respect to ADA applicability to websites so that this litigation does not violate Pizza Hut's due-process rights. "Since 1996, the DOJ has not wavered from its view that the ADA applies to websites that meet the definition of a public accommodation." *Hobby Lobby Stores, Inc.*, 2017 WL 2957736, at *5. In *Hobby Lobby*, the district court denied defendant Hobby Lobby's motion to dismiss a legally blind plaintiff's complaint alleging that Hobby Lobby's website violated the ADA. *Id.* at *1. Similar to Pizza Hut's argument here, Hobby Lobby argued that the plaintiff's case violated its due process rights because it did not have "sufficient notice of the technical standards that would make its website fully compliant with the ADA." *Id.* at *4. The *Hobby Lobby* court rejected this argument, stating that "the DOJ's general website accessibility requirement is not ambiguous because the DOJ has not imposed any specific means by which entities must meet this requirement"—hence, places of public accommodation "are free to decide how to comply with the ADA." *See id.* at *6. The same conclusion holds true here.

The lack of specific guidelines from the DOJ does not excuse Pizza Hut from complying with the ADA's general mandates. *See Fortyune v. City of Lomita*, 766 F.3d

1098, 1102 (9th Cir. 2014) (holding "[t]hat the lack of specific regulations cannot eliminate a statutory obligation" and rejecting the defendant's due process argument that it lacked notice of its obligation to comply with the general mandate of the ADA to provide certain accommodations). Given the DOJ's consistent position that the ADA applies to websites, the Court finds that Pizza Hut has had sufficient notice that its website must provide visually impaired individuals with full and equal access. *See* 42 U.S.C. § 12182(a). Whether Pizza Hut's digital offerings must comply with the WCAG or any other set of noncompulsory guidelines, is a question of remedy, not liability. *See CVS Pharmacy*, 2017 WL 4457508, at *4. Furthermore, whether Pizza Hut has complied with the ADA's general mandate that websites shall be equally accessible is a question of fact, as described below. Accordingly, Plaintiff's Complaint, as plead, does not violate due process.

### 2. *The Domino's Pizza Decision*

Pizza Hut relies on a factually similar case brought by Plaintiff, *Robles v. Domino's Pizza LLC*, to support its due process arguments. (Mot. 3–5); *see Robles v. Domino's Pizza, LLC.*, Case No. CV 16-06599-SJO(SPx), 2017 WL 1330216, at *5 (C.D. Cal. Mar. 20, 2017). In *Domino's Pizza LLC*, Plaintiff asserted the same four causes of action brought here, but against Domino's. Plaintiff alleged that Domino's website and mobile application were not fully accessible to himself and other visually-impaired people. *Id.* In particular, Plaintiff argued that Domino's website and mobile application were not compatible with screen-reading software programs, "JAWS" and "VoiceOver." *Id.* The court held that Plaintiff's case could not proceed absent specific web accessibility standards under the ADA. *Id.* at *8. The *Domino's* court concluded that "[s]uch regulations and technical assistance are necessary for the [c]ourt to determine what obligations a regulated individual or institution must abide by in order to comply with Title III." *Id.* The Court finds the *Domino's Pizza* case is distinguishable because in *Domino's*, Plaintiff was seeking to require the defendant to comply with the WCAG guidelines, which admittedly were not required by any DOJ regulations. *See*

*Domino's Pizza,* 2017 WL 1330216 at *5–6 (stating that "Plaintiff seeks to impose on all regulated persons and entities a requirement they 'compl[y] with the WCAG guidelines'…"). Plaintiff does not seek to enforce any particular standard in this case.

Like the defendant in *Domino's,* Pizza Hut contends that this lawsuit violates its right to due process because "the [ADA], as it currently stands, 'fails to articulate comprehensible standards to which a person's conduct must conform.'" (Mot. 7 (quoting *Botosan v. Paul McNally Realty*, 216 F.3d 827, 836 (9th Cir. 2000).) Pizza Hut argues that Plaintiff's case must fail because it is "exclusively premised" upon Pizza Hut's failure to comply with version 2.0 of the WCAG and Apple iOS accessibility guidelines—standards that have not been promulgated by the DOJ. (*Id.*) As such, Pizza Hut argues that it is entitled to summary judgment because the DOJ has not required private businesses to comply with a specific accessibility standard within the WCAG. (*Id.*) However, Pizza Hut mischaracterizes Plaintiff's allegations.

Plaintiff is not seeking to force Pizza Hut to comply with any particular set of guidelines within the WCAG, but rather, is challenging Pizza Hut's compliance with the ADA "generally and without reference to a particular standard." (Opp'n 2 n.3.) While the DOJ has consistently relied upon the WCAG guidelines to provide a roadmap of what would constitute an appropriate measure for website accessibility, Plaintiff is not required to show that Pizza Hut complied with any *specific guidelines*. *See, e.g., Settlement Agreement Between the United States of America and EDX Inc.*, DJ No. 202-36-255 (Apr. 2, 2015), https://www.ada.gov/edx_sa.htm; *Settlement Agreement Between the United States of America and Ahold U.S.A., Inc. and Peapod, LLC,* DJ No. 202-63-169 (Nov. 17, 2014), https://www.ada.gov/peapod_sa.htm; *Settlement Agreement Between the United States of America and Carnival Corp.*, DJ No. 202-17M-206 (July 23, 2015), https://www.ada.gov/carnival/carnival_sa.html. Instead, Plaintiff need only demonstrate that Pizza Hut has not met its obligations under the ADA, or, at least, that there is a triable issue of fact supporting this theory. Therefore, Pizza Hut's attempt to rely on the *Domino's* case is misguided.

## C. Primary Jurisdiction Doctrine

Pizza Hut requests that the Court should stay or dismiss Plaintiffs FAC pursuant to the primary jurisdiction doctrine pending further guidance from the DOJ regarding minimum accessibility standards for websites. (Mot. 9.) "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). The doctrine "is to be used only if a claim 'requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency' …" *Id.* (quoting *Brown v. MCI WorldCom Network Servs.*, 277 F.3d 1166, 1172 (9th Cir. 2002)). Whether to invoke the doctrine is within the sound discretion of the court. *Syntek Semiconductor Co., v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002). Although there is no "fixed formula" for applying the doctrine, the Ninth Circuit has provided a four factor test to guide a court's discretion: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id.* (citing *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir. 1987)).

However, "[n]ot every case that implicates the expertise of federal agencies warrants invocation of primary jurisdiction." *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 760 (9th Cir. 2015). "Common sense tells us that even when agency expertise would be helpful, a court should not invoke primary jurisdiction when the agency is aware of but has expressed no interest in the subject matter of the litigation." *Id.* Further, primary jurisdiction is not necessary "when a referral to the agency would significantly postpone a ruling that a court is otherwise competent to make." *Id.* (citation omitted).

Here, Pizza Hut argues the question of website accessibility "is better left to the DOJ given its potential nationwide impact." (Mot. 11.) Pizza Hut correctly acknowledges that "the DOJ has been evaluating the appropriateness of [establishing comprehensive guidelines for website accessibility standards] for several years." (*Id.*) In its ANPR, The DOJ announced that it was "considering revising the regulations implementing Title III of the ADA in order to establish requirements for making the goods, services, … accommodations, or advantages offered by public accommodations via the Internet, specifically sites on the World Wide Web [] accessible to individuals with disabilities." *Nondiscrimination on the Basis of Disability; Accessibility of Web Information and Services of State and Local Government Entities and Public Accommodations*, 75 FR 43460-01 (July 26, 2010). Over seven years later, in December of 2017, the DOJ formally announced that it would be withdrawing the ANPR, effective December 26, 2017. *Nondiscrimination on the Basis of Disability; Notice of Withdrawal of Four Previously Announced Rulemaking Actions*, 82 FR 60932 (December 15, 2017).

The DOJ's recent Notice of Withdrawal is a strong indication that the DOJ currently lacks an interest in specific requirements for website accessibility under the ADA. Additionally, given the significant amount of time that has already elapsed since 2010's ANPR, the Court finds a referral to the DOJ would significantly postpone a ruling that the Court is competent to make. *See Astiana*, 783 F.3d at 760.

Moreover, Defendant's primary jurisdiction argument has been rejected by other courts in this District. *See, e.g.*, *Gorecki*, 2017 WL 2957736, at *7 (refusing to invoke the primary jurisdiction doctrine pending further guidance from the DOJ regarding minimum accessibility standards for websites); *see also CVS Pharmacy*, 2017 WL 4457508, at *7 (declining to apply the primary jurisdiction doctrine, and holding that "[a] determination of liability does not necessarily require the [c]ourt to master complicated web standards, but rather asks the [c]ourt to make exactly the same sort of

accessibility determinations that it regularly makes when evaluating the accessibility of physical locations.").

The Court finds that this case is not unique, "as federal courts have resolved effective communication claims under the ADA in a variety of contexts—including cases involving allegations of unequal access to goods, benefits and services provided through websites." *See Hobby Lobby*, 2017 WL 2957736, at *7 (citing *Nat'l Ass'n of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d. 196 (D. Mass. 2012)). In line with other courts in this circuit and elsewhere, the Court declines to apply the primary jurisdiction doctrine.

### D. "Effective Communications" Mandate of the ADA

Pizza Hut argues its website and mobile app do not violate the ADA because they satisfy the ADA's effective communication mandate. (Mot. 17.) Under the "effective communication" provision of the ADA, a public accommodation is required to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303.

> "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in undue burden, i.e. significant difficulty or expense."

*Id*.

Pizza Hut argues that it complies with this provision because it allows visually impaired customers to call a phone number where "customer service can provide assistance with Defendant's websites" and that, with this phone number, a visually impaired customer can "call their local Pizza Hut restaurant to order food, purchase goods, and/or ask questions." (Mot. 19.) Pizza Hut contends that the DOJ has "endorsed" this approach in the ANPR, which states that "covered entities with

inaccessible Web sites may comply with the ADA's requirement for access by providing an accessible alternative, such as a staffed telephone line, for individuals to access the information, goods, and services of their Web site." (Mot. 19 (citing *Nondiscrimination on the Basis of Disability; Accessibility of Web Information and Services of State and Local Government Entities and Public Accommodations*, 75 FR 43460-01 (July 26, 2010).) Conspicuously, Pizza Hut's Motion omitted the fact that the ANPR states that "[i]n order for an entity to meet its legal obligation under the ADA, an entity's alternative must provide an **equal degree of access** in terms of hours of operations and range of information, options and services available." *Id.* (emphasis added). As stated above, while no specific auxiliary aid or service is required in any given situation, whatever auxiliary aid or service public accommodation choses to provide must be effective. *CVS Pharmacy, Inc.*, 2017 WL 4457508 at *3. In other words, Pizza Hut cannot simply post a customer service phone number on its website and claim that it is in compliance with the ADA unless it shows that a visually impaired customer "will not be excluded, denied services, segregated or otherwise treated differently" from non-visually impaired customers who are able to enjoy full access to Pizza Hut's website. *See id*; *see also Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012) ("The ADA guarantees the disabled more than mere access to public facilities; it guarantees them 'full and equal enjoyment.'").

Plaintiff argues that Pizza Hut has not conclusively established that its customer service phone number provides an equal degree of access to information, options and services available on the website or mobile app. First, Plaintiff argues that there are certain coupons, promotions, and benefits that are only accessible when paid for on Pizza Hut's website or mobile application. (Manning Decl. ¶ 14, Ex. E, ECF No. 32-5.) Second, Plaintiff introduced evidence that he was unable to use the phone number to any success, because when tried to call that number, he was placed on hold for 45 minutes before he finally ended the call. (Robles Decl. ¶ 18.) Plaintiff also argues that Pizza Hut has not demonstrated that use of the phone number will "protect the privacy

1 and independence of the user with a disability." (Opp'n 21.) The Court is persuaded that these arguments reflect the presence of genuine issues of material fact as to whether Pizza Hut's website complies with the "effective communication" provision of the ADA. Therefore, summary judgment is not appropriate.

**E. Unruh Act Claim**

Pizza Hut argues that, because Plaintiff cannot base his UCRA claim upon the ADA, his UCRA claim may only be maintained if he pleads and proves "intentional discrimination in public accommodations in violation of the terms of the Act." (Mot. 22 (quoting *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)).) However, the Ninth Circuit has held that "no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation." *Lentini v. Cal. Center for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004). Because Plaintiff's UCRA claim is premised on a violation of rights under the ADA, Plaintiff does not need to plead or prove intentional discrimination. (*See* FAC ¶ 63 ("Defendant is also violating the UCRA, Civil Code § 51 *et seq.* because the conduct alleged herein violates various provisions of the ADA, 42, U.S.C. § 12101 *et. seq.*).) Because there is a triable issue as to whether Pizza Hut has violated the ADA, the Court cannot grant summary judgment on the UCRA claim.

/ / /

/ / /

## VI. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Pizza Hut's Motion for Summary Judgment or, in the Alternative, Dismissal or Stay. (ECF No. 28.)

**IT IS SO ORDERED.**

January 24, 2018

                                              _____
                                              **OTIS D. WRIGHT, II
                                              UNITED STATES DISTRICT JUDGE**